FILE COPY

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA EX REL. [UNDER SEAL] | ) ) ) | |
| Plaintiffs, | ) ) | 05 Civ. 2917 (SHS)(KNF) |
| v. | ) ) | COMPLAINT |
| [UNDER SEAL] | ) ) | |
| Defendants | ) ) | |

## FILED IN CAMERA AND UNDER SEAL

COPY RECEIVED
MAR 18 2005
U.S. ATTORNEY'S SDNY

Jonathan A. Willens (JW-9180)
JONATHAN A. WILLENS LLC
217 Broadway, Suite 707
New York, New York 10007
Tel: (212) 619-3749
Fax: (800) 879 7938
*Attorney for Qui Tam*
*Plaintiff Daniel Kirk*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> EX REL. DANIEL KIRK, ) <br> ) <br> PLAINTIFFS, ) <br> ) <br> - AGAINST - ) <br> ) <br> SCHINDLER ELEVATOR CORPORATION, ) <br> ) <br> DEFENDANT. ) <br> ) | 05 Civ. 2917 (SHS)(KNF) <br><br> COMPLAINT FOR VIOLATIONS OF <br> THE FEDERAL FALSE CLAIMS ACT, <br> 31 U.S.C. §3729 et seq. <br><br> FILED UNDER SEAL |

Plaintiff Daniel Kirk, by his attorney Jonathan A. Willens LLC, on behalf of the United

States of America, for his Complaint against defendant Schindler Elevator Corporation, based

upon his personal knowledge and relevant documents, alleges as follows.

## I.    INTRODUCTION

1.    This is an action to recover damages and civil penalties on behalf of the United

States of America arising from false and/or fraudulent records and claims presented by defendant

Schindler Elevator Corporation and/or its subsidiaries, agents, employees and co-conspirators

(collectively, "Schindler") in violation of the Federal Civil False Claims Act, 31 U.S.C. § 3729 *et*

*seq.*, as amended.

2.    Since at least March 1999, Schindler has submitted hundreds of claims to

agencies of the United States government seeking payment for construction services relating to

1

the manufacture, installation and maintenance of elevators in public buildings. As alleged in detail below, those claims were false.

3.     Schindler's major contracts with the government are subject to the Vietnam Era Veterans Readjustment Assistance Act, 38 U.S.C. § 4212 ("VEVRAA"). Pursuant to VEVRAA, Schindler was required (a) to adopt an affirmative action program for Vietnam-era veterans, (b) to offer its employees an invitation to identify themselves as Vietnam-era veterans separate from any other personnel form or questionnaire, and (c) to submit annual reports, known as VETS-100 reports, to the U.S. Department of Labor.

4.     During the six-year period from March 1999 to the present, Schindler failed to meet these requirements. It had no affirmative action program for veterans and did not ask its employees to identify themselves as veterans. Most important, Schindler failed to file the required VETS-100 reports for any of its business units until late 2004.

5.     When *qui tam* plaintiff Daniel Kirk complained to the U.S. Department of Labor about this non-compliance, Schindler belatedly filed incomplete VETS-100 reports for the year ending September 30, 2004. However, Schindler filed these VETS-100 reports with the Department of Labor *knowing that they are false.* The reports submitted by Schindler purport to cover its entire workforce in New York and New Jersey, yet they assert that not one of the craftsmen, technicians or salesmen employed by Schindler in those states is a Vietnam-era veteran.

6.     Daniel Kirk – who is himself a Vietnam-era veteran employed by Schindler in New York City until 2003 – knows that the information contained in these VETS-100 reports is false. He also knows that Schindler did not take any steps to identify those employees who are

2

veterans entitled to protection under the VEVRAA. Without that information, Schindler could not file accurate VETS-100 reports.

7.      In 1998, Congress amended 31 U.S.C. § 1354 to prohibit any agency of the United States from obligating or expending funds for any fiscal year on a contract subject to VEVRAA with a contractor who failed to submit a VETS-100 report for that fiscal year.

8.      Despite that clear prohibition, Schindler submitted bids for contracts and claims for payment knowing that it was not eligible either to enter into contracts or to collect payments because it had not complied with the VETS-100 reporting requirement. Schindler also allowed itself to be listed as an eligible contractor by the Department of Labor, knowing that it had failed to file any VETS-100 forms or otherwise to comply with the requirements of VEVRAA.

9.      On information and belief, over the past six years the United States has paid Schindler millions of dollars to which it was not entitled, because Schindler falsely certified that it was in compliance with VEVRAA. When Daniel Kirk brought this situation to the attention of the Department of Labor, Schindler filed *false* VETS-100 forms in a desperate attempt to bring itself into compliance and maintain its eligibility for government contracts.

10.     Under the False Claims Act, each of the requests for payment submitted by Schindler is a false claim. Schindler is liable to the United States for up to $11,000 for each payment request. In addition, the government is entitled to treble damages for funds paid to Schindler on the basis of these false claims.

## II. THE PARTIES

11.     Relator Daniel Kirk is a United States citizen residing in New Jersey. He was employed by Schindler in its Manhattan office at 620 12th Avenue until his resignation in August 2003. At that time, Mr. Kirk was Schindler's Regional Modernization Manager for New York

3

City and Long Island. He has direct and independent knowledge of the fraud alleged in this action.

12.    Defendant Schindler Elevator Corporation is a Delaware Corporation with offices throughout the United States, including 1211 Avenue of the Americas and 620 12th Avenue in Manhattan. Schindler is a subsidiary of Schindler Holding AG, a Swiss conglomerate that is the world's second largest manufacturer of elevators and escalators.

13.    At all times material to this complaint, Schindler has provided construction and maintenance services under contract to various agencies of the United States, including without limitation the Department of Defense (including separate contracts for the Pentagon, the Army and the Navy), the Department of Veterans Affairs, the Smithsonian Institution, the Internal Revenue Service, the Nuclear Regulatory Commission, the General Services Administration and the United States Postal Service.

## III.    JURISDICTION AND VENUE

14.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345.

15.    This Court has personal jurisdiction over the defendants pursuant to 31 U.S.C. § 3732(a) because that section authorizes nationwide service of process. Moreover, Schindler maintains offices within the Southern District of New York.

16.    Venue is proper in this district pursuant to 28 U.S.C. § 1339(b) and 31 U.S.C. § 3732(a) because Schindler can be found in this district.

17.    All conditions precedent to the initiation or maintenance of this action have been performed or have occurred.

4

18.     The relator, Daniel Kirk, has retained the undersigned attorney to represent him in this action and is obligated to pay his attorney a reasonable fee for his services.

## IV.     BACKGROUND

19.     Daniel Kirk has worked in the elevator business since 1968, when he joined Otis Elevator Company as an apprentice. In 1978, he took a job at Millar Elevator Industries, Inc. ("Millar"), as a journeyman elevator mechanic. He was promoted to Field Supervisor in the Maintenance Department in 1985, and in 1990 he was promoted to Manager of the Repair and Maintenance Support Departments. As manager, he was responsible for the profitability of his departments as well as for the supervision of two supervisors and 44 employees. From 1991 to 2000, Mr. Kirk continued to receive salary increases and incentive awards based on exemplary performance evaluations. He was promoted to Vice President of Millar in November 2001, responsible for the Modernization, Repair and Maintenance Support departments. In that position, he supervised over 100 employees.

20.     In 1989, Schindler acquired Millar. The two companies continued to operate separately until 2002. During that period, Millar contracted with the United States on many projects using its own name.

21.     In 2002, Millar was integrated into the parent company, Schindler Elevator Corporation. As the two companies were combined, Mr. Kirk was named Schindler's Regional Modernization Manager for New York City and Long Island. In that position, he had the challenging job of merging the Modernization Departments of Schindler and Millar into one, while managing over one hundred employees. The integration of Millar and Schindler resulted in a substantial reorganization, and many employees were demoted or terminated.

22.     During his 25-year career with Millar and Schindler, Mr. Kirk acquired a well-deserved reputation in the industry as a highly effective and respected manager with stellar performance evaluations throughout his entire career. He received incentive bonuses each year through 2003.

23.     In June 2003, Mr. Kirk discovered that Schindler was spreading false rumors throughout the company and the entire New York City elevator industry that Mr. Kirk had been fired for poor performance. Then in mid-July 2003, Mr. Kirk discovered that he had been demoted, without explanation or notice, to the non-managerial position of Field Superintendent. Mr. Kirk realized that he was being forced out of the company. As a result of these actions by Schindler, Mr. Kirk resigned on or about August 5, 2003.

24.     Mr. Kirk served in the United States Army on active duty from August 1969 to August 1971. He was stationed first in Germany then in Vietnam from November 1970 to August 1971 serving with the U.S. Army 5th Mechanical Artillery Corp in communication support as a radio teletype operator with top secret clearance. He attained the rank of Spec 4 and was stationed in the Quantri fire base just under the DMZ in South Vietnam. Thereafter, he served in the U.S. Army Reserve through August 26, 1975. As a result of this service, Mr. Kirk is a covered veteran under VEVRAA.

25.     Under VEVRAA and its implementing regulations, all non-exempt federal contractors are required to gather information about their employees' veteran status. As explained below, Federal Acquisition Regulations set forth a detailed procedure for "self-identification" by employees. However, while he was employed by Schindler, Mr. Kirk was never asked to identify himself as a veteran to any employee or officer of Schindler. To his

6

knowledge, no other employee of Schindler was asked to self-identify. As a result, Schindler did not have the information necessary to file accurate VETS-100 forms, as required by VEVRAA.

26.    VEVRAA also requires employers to adopt affirmative action programs for their covered veteran employees. Mr. Kirk was employed by Schindler as a manager supervising over 100 employees, with responsibility for hiring, firing and promotion of those employees. He was never informed of any affirmative action program for veterans at Schindler. He was never provided any instruction in handling personnel decisions with respect to hiring, firing or promoting veterans. More recently, Mr. Kirk has obtained a copy of Schindler's employee manual, which makes no reference to any affirmative action program for veterans.

27. In short, Schindler has no affirmative action for veterans and did not have one during Mr. Kirk's employment at Schindler from 1989 to 2003. On information and belief, Schindler had no such affirmative action program at any time.

28.    In November 2004, Mr. Kirk's wife, Linda Kirk, submitted a Freedom of Information Act request to the Department of Labor for copies of any VETS-100 reports filed by Schindler in 2002, 2003 or 2004.

29. In a letter dated February 11, 2005, the Office of the Assistant Secretary for Veterans Employment and Training responded to Mrs. Kirk's FOIA request. The letter stated that the Labor Department had located no VETS-100 reports for the years 2002 or 2003.

30. The letter attached redacted copies of three VETS-100 reports, all dated September 30, 2004, covering different business units of Schindler. As explained in detail below, these reports are patently false.

31. In light of the Labor Department's letter and Schindler's failure to ask its employees to self-identify as required by VEVRAA, it is apparent that Schindler did not submit VETS-100 reports for the fiscal years 2002 or 2003.

32. On information and belief, Schindler never filed a VETS-100 report before September 30, 2004. On information and belief, none of Schindler's subsidiaries and affiliates in the United States, including Millar, filed a VETS-100 report before September 30, 2004.

33. On or about April 15, 2004, Mr. Kirk filed a complaint with the Department of Labor's Office of Federal Contract Compliance Programs ("OFCCP") alleging that he was improperly demoted and constructively terminated by Schindler despite his status as a Vietnam-era veteran. In May or June 2004, OFCCP provided Schindler a copy of the complaint and began an investigation of Schindler's compliance with VEVRAA.

34. As a result of the investigation into Mr. Kirk's complaint, Schindler filed VETS-100 reports for the first time on or about September 30, 2004.

35. In a decision dated February 7, 2005, OFCCP denied Mr. Kirk's complaint, finding that there was insufficient evidence to conclude that his demotion and termination from Schindler were motivated by his status as a Vietnam-era veteran. OFCCP found that Mr. Kirk is a covered Vietnam-era veteran under VEVRAA, and that Schindler is a non-exempt government contractor subject to the Act. However, without any support in the record, OFCCP found that Schindler had filed timely VETS-100 forms for its New York and New Jersey offices, and that it had adopted an affirmative action program. These findings are currently on appeal before the Director of OFCCP's Northeast Region.

8

## V.    APPLICABLE LAW

### A. The False Claims Act

36.    The False Claims Act ("FCA"), 31 U.S.C. § 3729, *et seq.*, was originally enacted during the Civil War and substantially amended in 1986. Congress passed the 1986 amendments to enhance and modernize the government's tools for recovering losses sustained by frauds against it. The amendments were intended to create incentives for individuals with knowledge of fraud against the government to disclose the information without fear of reprisals or government inaction, and to encourage the private bar to commit resources to prosecuting fraud on the government's behalf.

37.    The FCA provides that any person who knowingly submits, or causes the submission of, a false or fraudulent claim to the U.S. Government for payment or approval is liable for a civil penalty of up to $11,000 for each such claim, plus three times the amount of the damages sustained by the Government. Liability attaches when a defendant knowingly seeks payment, or causes others to seek payment, from the Government that is unwarranted.

38.    A claim for payment under a contract with the federal government is false or fraudulent if the contractor is not eligible for payment under the terms and conditions of the contract. As explained below, Schindler was not eligible for payment under any contract subject to VEVRAA because (a) the requirements of VEVRAA were incorporated into each contract, (b) Schindler failed to meet those requirements, and (c) the contracting agencies of the United States were prohibited by law and regulation from making payments to non-exempt contractors who failed to comply with VEVRAA.

39.    The FCA allows any person having information about a false or fraudulent claim against the Government to bring an action for himself and the Government, and to share in any

9

recovery. The FCA requires that the complaint be filed under seal for a minimum of 60 days
(without service on the defendant during that time) to allow the Government time to conduct its
own investigation and to determine whether to join the suit.

B. The Vietnam Era Veterans Readjustment Assistance Act

40.     Since 1972, Congress has imposed requirements on federal contractors to
encourage the hiring, retention and promotion of certain groups of military veterans, including
those who served in Vietnam. In its current form, VEVRAA provides, in part: "Any contract in
the amount of $100,000 or more entered into by any department or agency of the United States
for the procurement of personal property and nonpersonal services (including construction) for
the United States, *shall contain a provision requiring that the party contracting with the United
States take affirmative action to employ and advance in employment qualified covered veterans.*"
38 U.S.C. § 4212(a)(1) (emphasis added).

41.     The $100,000 minimum was enacted in 2002, but will not take effect until the end
of the 2004-05 reporting period. For contracts signed between November 13, 2001 and the
present, VEVRAA applies to contracts in the amount of $25,000 or more. For contracts signed
before November 13, 2001, the minimum amount is $10,000. *See* 66 FR 51998-01, 2001 WL
1193053 (Oct. 11, 2001).

42.     In addition to this affirmative action requirement, Congress directed the Secretary
of Labor to issue regulations requiring contractors to list their job openings with state
employment services. 38 U.S.C. § 4212(a)(2).

43.     To ensure that the Department of Labor has the information needed to monitor
compliance with VEVRAA, Congress required each federal contractor to report the number of

10

"qualified covered veterans" that it employs, as well as the number of such veterans hired during

the reporting period:

> Each contractor to whom subsection (a) applies shall, in accordance with regulations
> which the Secretary of Labor shall prescribe, report at least annually to the Secretary of
> Labor on--
>
> **(A)** the number of employees in the workforce of such contractor, by job category and
> hiring location, and the number of such employees, by job category and hiring location,
> who are qualified covered veterans;
>
> **(B)** the total number of new employees hired by the contractor during the period
> covered by the report and the number of such employees who are qualified covered
> veterans; and
>
> **(C)** the maximum number and the minimum number of employees of such contractor
> during the period covered by the report.

38 U.S.C. § 4212(d). These reports are known as "VETS-100" reports.

44. In 1998, Congress passed the Veterans Employment Opportunities Act. Among

other things, the act expanded the scope of VEVRAA to cover a broader group of veterans. *See*

PL 105-339, 112 Stat 3182 (October 31, 1998). It also required the Department of Labor to

maintain a database of contractors who complied with the reporting requirements of VEVRAA.

Finally, Congress prohibited federal agencies from paying any contractor subject to VEVRAA

who failed to file a VETS-100 report:

> (1) Subject to paragraph (2), *no agency may obligate or expend funds* appropriated for
> the agency for a fiscal year to enter into a contract described in section 4212(a) of title 38
> with a contractor from which a report was required under section 4212(d) of that title
> with respect to the preceding fiscal year *if such contractor did not submit such report*.
>
> (2) Paragraph (1) shall cease to apply with respect to a contractor otherwise covered by
> that paragraph on the date on which the contractor submits the report required by such
> section 4212(d) for the fiscal year concerned.

31 U.S.C. § 1354(a) (emphasis added).

45. The Implementing Regulations. The Labor Department Office of Veterans'

Employment and Training developed the VETS-100 report (officially known as the Federal

11

Contractor Veterans' Employment Report) for transmitting the information required by VEVRAA to the government. The report must be submitted annually by September 30. All employers doing business at more than one hiring location must file (1) a report covering the principal or headquarters office, (2) a separate report for each hiring location employing 50 or more persons; and (3) either a separate report for each hiring location employing fewer than 50 persons, or consolidated reports, by state, covering the hiring locations within the state having fewer than 50 employees. Each consolidated report must also list the name and address of all hiring locations covered by the report. 41 C.F.R. §§ 61-250.10, 61-250.11.

46. The information provided on the VETS-100 form must be obtained through voluntary disclosure from employees and applicants. Each contractor must invite all veterans of the Vietnam era and other covered veterans to identify themselves. The invitation must state that any information is voluntarily provided, that the information will be kept confidential, that disclosure or refusal to provide the information will not subject the applicant or employee to any adverse treatment, and that the information will be used only in accordance with regulations.

47. Pursuant to section 52.222-37 of the Federal Acquisition Regulations ("FAR"), this self-identification procedure is mandated by every federal contract for services and acquisitions covered by VEVRAA. This requirement has been in effect at all times material to this complaint. Similar requirements were promulgated by the Department of Labor. 41 C.F.R. § 60-250.42; 41 C.F.R. § 61-250.12 (deleted July 2001)

48. In October 2001, the Department of Defense and the General Services Administration issued a final rule amending FAR to implement the Veterans Employment Opportunities Act of 1998. *See* 66 FR 53487-01, 2001 WL 1251111 (Oct. 22, 2001). The final

rule implemented the legislative prohibition on payments to contractors who fail to comply with

their obligations under VEVRAA:

> Policy. (a) Contractors and subcontractors, when entering into contracts or subcontracts subject to the Act, must—
>
> (1) List all employment openings, with the appropriate local employment service office except for (i) Executive and top management positions; (ii) Positions to be filled from within the contractor's organization; and (iii) Positions lasting three days or less.
>
> (2) Take affirmative action to employ, and advance in employment, qualified special disabled veterans, veterans of the Vietnam era, and other eligible veterans without discrimination based on their disability or veteran's status.
>
> (b) Except for contracts for commercial items or contracts that do not exceed the simplified acquisition threshold, *contracting officers must not obligate or expend funds* appropriated for the agency for a fiscal year to enter into a contract for the procurement of personal property and nonpersonal services (including construction) *with a contractor that has not submitted a required annual Form VETS-100*, Federal Contractor Veterans' Employment Report (VETS-100 Report), with respect to the preceding fiscal year if the contractor was subject to the reporting requirements of 38 U.S.C. 4212(d) for that fiscal year.

FAR § 22.1302 (emphasis added). As a result of this final rule, all non-exempt military and

civilian contracts with the United States were amended to include these requirements.

    49.    In addition, the final rule added a new provision requiring companies making

offers to contract with the United States to certify that, if they are subject to the reporting

requirements of VEVRAA, they have not failed to file the most recent required VETS-100 form.

In particular, companies were required to insert the following statement pursuant to FAR 52.222-

38:

> Compliance with Veterans' Employment Reporting Requirements. By submission of its offer, the offeror represents that, if it is subject to the reporting requirements of 38 U.S.C. 4212(d) (i.e., if it has any contract containing Federal Acquisition Regulation clause 52.222-37, Employment Reports on Special Disabled Veterans, Veterans of the Vietnam Era, and Other Eligible Veterans), it has submitted the most recent VETS-100 Report required by that clause.
>
> 50. This final rule became effective on December 21, 2001.

13

## VI.    SPECIFIC ALLEGATIONS

### A.  Violations of VEVRAA

51.  At all times since at least 1998, Schindler has been subject to the requirements of VEVRAA and its implementing regulations.  Among other things, Schindler was required (a) to adopt an affirmative action program for Vietnam-era veterans, (b) to offer its employees an opportunity to identify themselves as Vietnam-era veterans, and (c) to submit annual VETS-100 reports to the U.S. Department of Labor.

52.  In violation of VEVRAA, Schindler failed to adopt an affirmative action program. Its "Policies and Procedures" manual dated June 2002 contains no mention of any policy with respect to the hiring or promotion of veterans.  During his employment at Schindler, Mr. Kirk was never informed of any such policy.  Even though he was responsible for employment decisions in his department, Mr. Kirk received no direction concerning the hiring or promotion of veterans.

53.  In violation of VEVRAA, Schindler failed to offers its employees an opportunity to identify themselves as Vietnam-era veterans.  Mr. Kirk and other veterans employed by Schindler did not receive the self-identification forms used to gather information required by VEVRAA, and were never asked to provide that information.  When Schindler acquired Millar in 1989, and when Millar employees were integrated into Schindler in 2002, Schindler failed to make the required effort to determine who was entitled to protection under VEVRAA.

54.  In violation of VEVRAA, Schindler did not submit VETS-100 reports to the Department of Labor or any other agency of the United States government from at least 1998 until late 2004.

14

55.    Schindler filed three VETS-100 reports with the Department of Labor on or about September 30, 2004. Copies of those reports (the "September 30 Reports"), with certain information redacted by the Department of Labor, are attached hereto as Exhibit A.

56.    The September 30 Reports purport to cover three different parts of Schindler's operations in the United States. The first report covers the company headquarters in New Jersey. The second report covers 14 unspecified locations in New York engaged in elevator installation and modernization or repair, as denoted by the NAICS code 235990. The third report covers four unspecified locations in New Jersey engaged in elevator manufacturing, as denoted by the NAICS code 333921.

57.    The September 30 Reports do not satisfy the requirements of VEVRAA and its implementing regulations. Among other things:

(a)    Schindler failed to file a separate report for each hiring location employing 50 or more persons. The office where Mr. Kirk was a manager, 620 12th Avenue in New York City, employed more than 50 persons, but Schindler did not file a separate report for that office.

(b)    Schindler failed to identify the name and address of all hiring locations covered by the second and third of the September 30 Reports. One of these reports covers four locations and the other covers 14 locations, but none of these locations is identified.

(c)    The September 30 Reports cover only 18 unspecified locations in New York and New Jersey and the company headquarters in New Jersey. Schindler operates far more than 18 locations in the United States. Therefore, Schindler did not file VETS-100 reports for hiring locations outside of New York and New Jersey.

58.    The September 30 Reports are false because they grossly understate the number of Vietnam-Era Veterans and other veterans covered by VEVRAA who are employed by

15

Schindler.  In particular, the second report – the one that covers 14 locations in New York -- falsely reports that Schindler has (a) no covered veterans who are technicians, (b) no covered veterans who are sales workers, (c) no covered veterans who are craft workers, (d) no covered veterans who are semi-skilled operatives, and (e) no covered veterans who are unskilled workers.

59.     Relator Daniel Kirk personally knows many covered veterans employed by Schindler in New York City who should have been reported as technicians, craft workers or one of the other categories in the September 30 Reports.  These veterans include, without limitation, John McNutt, Russ Macaluso, Robert "Monty" Montato, Joseph Silva, Amando Madena and Walter Cooper.

60.     On information and belief, the third of the September 30 Reports is also false because it reports (a) no covered veterans who are technicians, (b) no covered veterans who are sales workers, (c) no covered veterans who are craft workers, (d) no covered veterans who are semi-skilled operatives, and (e) no covered veterans who are unskilled workers.

61.     Schindler operates manufacturing facilities in the United States, including plants in North Carolina, Pennsylvania and Ohio.  These facilities employ many Vietnam-era veterans who should have been counted in this VETS-100 report, including craft workers, technicians and semi-skilled operatives.

62.     The third of the September 30 Reports purports to count the number of veterans employed in four locations where Schindler manufactures elevators.  The report also purports to cover four locations in New Jersey.  These statements are inconsistent, because Schindler does not have manufacturing facilities in New Jersey.  Therefore, the third report is false.

63.     At all times material to this complaint, Schindler did not ask Mr. Kirk or any other employee to self-identify for purposes of VEVRAA.  As a result, any VETS-100 report

16

filed by Schindler is false because the company failed to collect the information needed to submit an accurate report.

64.    Because it lacked the data necessary to file accurate reports, Schindler should have responded to Mr. Kirk's OFCCP complaint by acknowledging its non-compliance with VEVRAA. Instead, Schindler attempted to cover-up its violations by filing the false reports attached as Exhibit A.

B.    False Claims

65.    On information and belief, Schindler submitted claims for payment on all of its contracts with the government during the period covered by this complaint, March 1999 to the present.

66.    At all times during this period, Schindler was in violation of VEVRAA and was not eligible for payment for material or services provided to the government pursuant to any contract exceeding the minimum amount specified in the Act.

67.    Each claim for payment that Schindler made, or caused to be made, for payment from any agency of the United States, at any time material to this action, for material or services provided to the government pursuant to any contract exceeding the minimum amount specified in the Act or its implementing regulations, was a false claim submitted in violation of the False Claims Act.

68.    Such false claims include claims for payment submitted directly by Schindler or any of its subsidiaries or affiliates, including Millar, to an agency of the United States.

69.    Such false claims also include claims for payments submitted by any contractor to an agency of the United States that included funds due to Schindler for work on contracts covered by VEVRAA, including projects where Schindler acted as subcontractor.

17

70.    In addition to claims for payment, Schindler also submitted offers to the government that falsely certified Schindler's compliance with VEVRAA. Schindler made these false statements to induce the government to enter into contracts for which Schindler was ineligible because it had not, in fact, complied with VEVRAA.

71.    As a result of these false offers, Schindler was permitted to enter into contracts with the United States in violation of VEVRAA, the Veterans Employment Opportunities Act of 1998, the Federal Acquisition Regulations and other applicable regulations.

72.    Specific Contracts. During the period covered by this complaint, Schindler has entered into hundreds of contracts with the United States that exceed the minimum amounts provided by VEVRAA. Relator Daniel Kirk does not have access to these contracts or to any comprehensive list of Schindler's contracts with the government.

73.    Attached as Exhibit B is a partial list of contracts exceeding $10,000 that Schindler entered into with an agency of the United States between April 1, 1999 and November 13, 2001. Each of these contracts was subject to VEVRAA. Each claim for payment submitted by or on behalf of Schindler was a false claim.

74.    Attached as Exhibit C is a partial list of contracts exceeding $10,000 that Millar, a subsidiary of Schindler, entered into with an agency of the United States between April 1, 1999 and November 13, 2001. Each of these contracts was subject to VEVRAA. Each claim for payment submitted by or on behalf of Millar was a false claim.

75.    Attached as Exhibit D is a partial list of contracts exceeding $25,000 that Schindler entered into with an agency of the United States between November 13, 2001 and the present. Each of these contracts was subject to VEVRAA. Each claim for payment submitted by or on behalf of Schindler was a false claim.

76.     Attached as Exhibit E is a partial list of contracts exceeding $25,000 that Millar, a subsidiary of Schindler, entered into with an agency of the United States between November 13, 2001 and the present. Each of these contracts was subject to VEVRAA. Each claim for payment submitted by or on behalf of Millar was a false claim.

77.     In addition, Schindler and/or Millar entered into contracts exceeding the minimum amount provided by VEVRAA with the United States Postal Service between March 1999 and the present. These contracts include, without limitation, contracts for the renovation of the Post Offices located at 90 Church Street and 341 Ninth Avenue, both in Manhattan. Each claim for payment under these contracts was a false claim.

## Count I

### False Claims Act 31 U.S.C. §§ 3729(a)(1) and (a)(2)

78.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 77 of this Complaint.

79.     This is a claim for treble damages and penalties under the False Claims Act, 31 U.S.C. § 3729 *et seq.*, as amended.

80.     By virtue of the acts described above, Schindler knowingly presented or caused to be presented, false or fraudulent claims to the United States Government for payment or approval.

81.     By virtue of the acts described above, Schindler knowingly made, used, or caused to be made or used false or fraudulent records and statements, and omitted material facts, to induce the Government to approve and pay such false or fraudulent claims.

19

82.    Each claim for payment that Schindler submitted to an agency of the United States seeking payment on a contract subject to VEVRAA for a fiscal year when it had not filed an accurate VETS-100 form represents a false or fraudulent claim for payment.

83.    Each false claim was submitted by Schindler or on behalf of Schindler to an employee of the United States. On information and belief, each false claim was submitted to an officer of the contracting agency responsible for paying contractors from funds of the United States obligated for that purpose.

84.    Plaintiff cannot at this time identify all of the false claims for payment that were caused by Schindler's conduct. The false or fraudulent claims were presented by Schindler and its subsidiaries or affiliates directly to agencies of the United States. Plaintiff has no control over or dealings with such entities and has no access to the records in their possession.

85.    The United States, unaware of the falsity of the records, statements and claims made or caused to be made by Schindler, paid and continues to pay the claims that would not be paid but for defendant's illegal practices.

86.    Under 31 U.S.C. § 1354 and applicable regulations, the contracting agencies were prohibited from paying these claims, and would not have done so if Schindler had not falsely certified that it had filed VETS-100 forms, or if Schindler had not filed false VETS-100 forms in late 2004 to cover up its continuing ineligibility for such payments.

87.    By reason of Schindler's acts, the United States has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

WHEREFORE, relator Daniel Kirk, for and on behalf of the United States, prays for judgment against the defendants as follows:

1.    that Schindler cease and desist from violating 31 U.S.C. §3729, *et seq.;*

2.      that this Court enter judgment against Schindler in an amount equal to three times the amount of damages the United States has sustained because of defendant's actions, plus a civil penalty of not less than $5,000 and not more than $11,000 for each violation of 31 U.S.C. § 3729;

3.      that the relator be awarded the maximum amount allowed pursuant to section 3730(d) of the federal False Claims Act;

4.      that the relator be awarded all costs of this action, including attorney's fees and expenses; and

5.      that the relator recover such other relief as the Court deems just and proper.

### Demand for Jury Trial

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, relator Daniel Kirk hereby demands a trial by jury.

Dated: March 16, 2005

By: _____

Jonathan A. Willens (JW-9180)
JONATHAN A. WILLENS LLC
217 Broadway, Suite 707
New York, New York 10007
Tel: (212) 619-3749
Fax: (800) 879-7938

*Attorney for Qui Tam Plaintiff*
*Relator Daniel Kirk*

21

Exhibit A

Feb 20 05 08:07a    D&L 'irk                    732-671-7687          p.4
12/13/2004  12:06  30.....006        UET5                              PAGE  04
Case 1:05-cv-02917-SHS    Document 15    Filed 06/13/2007    Page 24 of 33

## VETS-100 FEDERAL CONTRACTOR REPORT ON VETERANS' EMPLOYMENT

OMB NO:1293-0005
Expires: November 30, 2004

Persons are not required to respond to this collection of
information unless it displays a valid OMB number

RETURN COMPLETED REPORT TO:
U.S. DEPARTMENT OF LABOR
VETERANS' EMPLOYMENT AND TRAINING SERVICE
VETS-100 Reporting Office
P.O. Box 726
Lanham, Maryland 20703-0726

943464

| TYPE OF REPORTING ORGANIZATION (Check one or both, as applicable) | TYPE OF FORM (Check only one) |
|---|---|
| | ☐ Single Establishment |
| | ☒ Multiple Establishment-Headquarters |
| ☒ Prime Contractor | ☐ Multiple Establishment-Hiring Location |
| ☒ Subcontractor | ☐ Multiple Establishment-State Consolidated (specify number of locations) _____ (MSC) |

ATTN: Human Resource/EEO Department

### COMPANY IDENTIFICATION INFORMATION (Omit items preprinted above-ADD Company Contact Information Below)

| COMPANY No: 0729687 | TWELVE MONTH PERIOD ENDING | 0 9 | 3 0 | 2 0 0 4 |
|---|---|---|---|---|
| | | M M | D D | Y Y Y Y |

NAME OF PARENT COMPANY: *Head Quarter*
SCHINDLER ELEVATOR CORPORATION

ADDRESS (NUMBER AND STREET):
20 WHIPPANY ROAD

| CITY: MORRISTOWN | COUNTY: MORRIS | STATE: NJ | ZIP CODE: 07960-1935 |
|---|---|---|---|

NAME OF COMPANY CONTACT:
Annette Selvaggio

TELEPHONE AND EMAIL FOR CONTACT:
Annette_Selvaggio@us.schindler.com    (973) 397-6411

| NAME OF HIRING LOCATION: Schindler Elevator Corporation | ADDRESS (NUMBER AND STREET): |
|---|---|
| CITY: | COUNTY: | STATE: ع ـﭺ | ZIP CODE: |

| NAICS: 3 3 5 9 9 6 | DUNS: 0 9 - 4 8 0 - 9 9 9 3 | EMPLOYER ID (IRS TAX No.) 3 4 - 1 2 7 0 0 5 6 |
|---|---|---|

### EMPLOYEE DATA AND VETERAN REPORTING REQUIREMENTS

REPORT ALL PERMANENT FULL-TIME OR PART-TIME EMPLOYEES AND NEW HIRES WHO ARE TARGETED VETERANS. DATA ON NUMBER OF EMPLOYEES ARE TO BE ENTERED IN COLUMN L, M, AND N, LINES 1-9. DATA ON NEW HIRES ARE TO BE ENTERED IN COLUMNS O, P, Q, R, AND S. ENTRIES IN COLUMNS O, P, Q, R, AND S, LINES 1 THROUGH 9, AND COLUMNS L, M, N AND O, LINE 10 (GRAY SHADED AREAS) ARE OPTIONAL FOR THIS REPORTING CYCLE. INSTRUCTIONS ARE FURTHER DETAILED ON THE REVERSE OF THIS FORM.

| JOB CATEGORIES | | NUMBER OF EMPLOYEES | | | NEW HIRES (PREVIOUS 12 MONTHS) | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | SPECIAL DISABLED VETERANS (L) | VIETNAM ERA VETERANS (M) | OTHER PROTECTED VETERANS (N) | SPECIAL DISABLED VETERANS (O) | VIETNAM ERA VETERANS (P) | NEWLY SEPARATED VETERANS (Q) | OTHER PROTECTED VETERANS (R) | TOTAL NEW HIRES, BOTH VETERANS AND NON-VETERANS (S) |
| OFFICIALS AND MANAGERS | 1 | | 2 | 1 | | | | | |
| PROFESSIONALS | 2 | | 5 | | | | | | |
| TECHNICIANS | 3 | | | | | | | | |
| SALES WORKERS | 4 | | | | | | | | |
| OFFICE AND CLERICAL | 5 | | 3 | | | | | | |
| CRAFT WORKERS (SKILLED) | 6 | | | | | | | | |
| OPERATIVE (SEMI-SKILLED) | 7 | | | | | | | | |
| LABORERS (UNSKILLED) | 8 | | | | | | | | |
| SERVICE WORKERS | 9 | | | | | | | | |
| TOTAL | 10 | | | | | | | | 61 |

Report the total maximum and minimum number of permanent employees during the period covered by this report.



| Maximum Number | Minimum Number |
|---|---|
| | |

# VETS-100 FEDERAL CONTRACTOR REPORT ON VETERANS' EMPLOYMENT

OMB NO:1293-0005
Expires: November 30, 2004

Persons are not required to respond to this collection of
information unless it displays a valid OMB number

**RETURN COMPLETED REPORT TO:**
U.S. DEPARTMENT OF LABOR
VETERANS' EMPLOYMENT AND TRAINING SERVICE
VETS-100 Reporting Office
P.O. Box 726
Lanham, Maryland 20703-0726    *64944*

**ATTN:** Human Resource/EEO Department

| TYPE OF REPORTING ORGANIZATION (Check one or both, as applicable) | TYPE OF FORM (Check only one) |
|---|---|
| ☒ Prime Contractor  ☒ Subcontractor | ☐ Single Establishment |
| | ☐ Multiple Establishment-Headquarters |
| | ☐ Multiple Establishment-Hiring Location |
| | ☒ Multiple Establishment-State Consolidated (specify number of locations) _17_ (MSC) |

## COMPANY IDENTIFICATION INFORMATION (Omit items preprinted above-ADD Company Contact Information Below)

| COMPANY No: 0729687 | TWELVE MONTH PERIOD ENDING  0 9 3 0 2 0 0 4  M M D D Y Y Y Y |
|---|---|
| NAME OF PARENT COMPANY: SCHINDLER ELEVATOR CORPORATION | ADDRESS (NUMBER AND STREET): 20 WHIPPANY ROAD |
| CITY: MORRISTOWN | COUNTY: MORRIS  STATE: NJ  ZIP CODE: 07960-1935 |
| NAME OF COMPANY CONTACT: Annette Selvaggio | TELEPHONE AND EMAIL FOR CONTACT: (973) 397-6411  Annette_Selvaggio@us.schindler.com |
| NAME OF HIRING LOCATION: Schindler Elevator Corporation | ADDRESS (NUMBER AND STREET): |
| CITY: | COUNTY:  STATE:  ZIP CODE: |

NAICS: 2 3 5 9 5 0    DUNS: 0 9 - 4 8 0 - 9 9 9 3    EMPLOYER ID (IRS TAX No.) 3 4 - 1 2 7 0 0 5 6

## EMPLOYEE DATA AND VETERAN REPORTING REQUIREMENTS

REPORT ALL PERMANENT FULL-TIME OR PART-TIME EMPLOYEES AND NEW HIRES WHO ARE TARGETED VETERANS. DATA ON NUMBER OF EMPLOYEES ARE TO BE ENTERED IN COLUMN L, M, AND N, LINES 1-9. DATA ON NEW HIRES ARE TO BE ENTERED IN COLUMNS O, P, Q, R, AND S. ENTRIES IN COLUMNS O, P, Q, R, AND S, LINES 1 THROUGH 9, AND COLUMNS L, M, N AND Q, LINE 10 (GRAY SHADED AREAS) ARE OPTIONAL FOR THIS REPORTING CYCLE. INSTRUCTIONS ARE FURTHER DETAILED ON THE REVERSE OF THIS FORM.

| JOB CATEGORIES | NUMBER OF EMPLOYEES | | | NEW HIRES (PREVIOUS 12 MONTHS) | | | | |
|---|---|---|---|---|---|---|---|---|
| | SPECIAL DISABLED VETERANS (L) | VIETNAM ERA VETERANS (M) | OTHER PROTECTED VETERANS (N) | SPECIAL DISABLED VETERANS (O) | VIETNAM ERA VETERANS (P) | NEWLY SEPARATED VETERANS (Q) | OTHER PROTECTED VETERANS (R) | TOTAL NEW HIRES, BOTH VETERANS AND NON-VETERANS (S) |
| OFFICIALS AND MANAGERS  1 | | 5 | | | | | | |
| PROFESSIONALS  2 | | | | | | | | |
| TECHNICIANS  3 | | | | | | | | |
| SALES WORKERS  4 | | | | | | | | |
| OFFICE AND CLERICAL  5 | | | | | | | | |
| CRAFT WORKERS (SKILLED)  6 | | | | | | | | |
| OPERATIVE (SEMI-SKILLED)  7 | | | | | | | | |
| LABORERS (UNSKILLED)  8 | | | | | | | | |
| SERVICE WORKERS  9 | | | | | | | | |
| TOTAL  10 | | | | | | 1 | | 93 |

Report the total maximum and minimum number of permanent employees during the period covered by this report.



Maximum Number        Minimum Number

# VETS-100 FEDERAL CONTRACTOR REPORT ON VETERANS' EMPLOYMENT

OMB NO:1293-0005
Expires: November 30, 2004

Persons are not required to respond to this collection of
information unless it displays a valid OMB number

**RETURN COMPLETED REPORT TO:**
U.S. DEPARTMENT OF LABOR
VETERANS' EMPLOYMENT AND TRAINING SERVICE
VETS-100 Reporting Office
P.O. Box 726
Lanham, Maryland 20703-0726

  Kim _____ 943424

**ATTN: Human Resource/EEO Department**

| TYPE OF REPORTING ORGANIZATION (Check one or both, as applicable) | TYPE OF FORM (Check only one) |
|---|---|
| ☒ Prime Contractor<br>☒ Subcontractor | ☐ Single Establishment<br>☐ Multiple Establishment-Headquarters<br>☐ Multiple Establishment-Hiring Location<br>☒ Multiple Establishment-State Consolidated (specify number of locations) ___ (MSC) |

## COMPANY IDENTIFICATION INFORMATION (Omit items preprinted above-ADD Company Contact Information Below)

| | |
|---|---|
| COMPANY No: 0729687 | TWELVE MONTH PERIOD ENDING: 0 9 3 0 2 0 0 4  M M D D Y Y Y Y |
| NAME OF PARENT COMPANY: SCHINDLER ELEVATOR CORPORATION | ADDRESS (NUMBER AND STREET): 20 WHIPPANY ROAD |
| CITY: MORRISTOWN | COUNTY: MORRIS | STATE: NJ | ZIP CODE: 07960-1935 |
| NAME OF COMPANY CONTACT: Annette Selvaggio | TELEPHONE AND EMAIL FOR CONTACT: (973) 397-6411 Annette_Selvaggio@us.schindler.com |

| | |
|---|---|
| NAME OF HIRING LOCATION: Schindler Elevator Corporation | ADDRESS (NUMBER AND STREET): |
| CITY: | COUNTY: | STATE: N J | ZIP CODE: |

NAICS: 3 3 3 9 2 1    DUNS: 0 9 - 4 8 0 - 9 9 9 3    EMPLOYER ID (IRS Tax No.) 3 4 - 1 2 7 0 0 5 6

## EMPLOYEE DATA AND VETERAN REPORTING REQUIREMENTS

REPORT ALL PERMANENT FULL-TIME OR PART-TIME EMPLOYEES AND NEW HIRES WHO ARE TARGETED VETERANS. DATA ON NUMBER OF EMPLOYEES ARE TO BE ENTERED IN COLUMN L, M, AND N, LINES 1-9. DATA ON NEW HIRES ARE TO BE ENTERED IN COLUMNS O, P, Q, R, AND S. ENTRIES IN COLUMNS O, P, Q, R, AND S, LINES 1 THROUGH 9, AND COLUMNS L, M, N AND Q, LINE 10 (GRAY SHADED AREAS) ARE OPTIONAL FOR THIS REPORTING CYCLE. INSTRUCTIONS ARE FURTHER DETAILED ON THE REVERSE OF THIS FORM.

| JOB CATEGORIES | NUMBER OF EMPLOYEES | | | NEW HIRES (PREVIOUS 12 MONTHS) | | | | |
|---|---|---|---|---|---|---|---|---|
| | SPECIAL DISABLED VETERANS (L) | VIETNAM ERA VETERANS (M) | OTHER PROTECTED VETERANS (N) | SPECIAL DISABLED VETERANS (O) | VIETNAM ERA VETERANS (P) | NEWLY SEPARATED VETERANS (Q) | OTHER PROTECTED VETERANS (R) | TOTAL NEW HIRES, BOTH VETERANS AND NON-VETERANS (S) |
| OFFICIALS AND MANAGERS  1 | | 2 | | | | | | |
| PROFESSIONALS  2 | | | | | | | | |
| TECHNICIANS  3 | | | | | | | | |
| SALES WORKERS  4 | | | | | | | | |
| OFFICE AND CLERICAL  5 | | 1 | | | | | | |
| CRAFT WORKERS (SKILLED)  6 | | | | | | | | |
| OPERATIVE (SEMI-SKILLED)  7 | | | | | | | | |
| LABORERS (UNSKILLED)  8 | | | | | | | | |
| SERVICE WORKERS  9 | | | | | | | | |
| TOTAL  10 | | | | | | | | 30 |

Report the total maximum and minimum number of permanent employees during the period covered by this report.

| Maximum Number | Minimum Number |
|---|---|
| | |

Exhibit B

Contract List
Schindler Elevator Corp.
Page 1

April 1, 1999 to November 13, 2001
Minimum Obligation: $10,000
source: www.fdps.gov

| AWARD ID: | 9700-0001 | Doc Type: | DO |
|---|---|---|---|
| Mod Number: | 0 | Status: | Final |
| Agency Name: | DEPT OF DEFENSE | Referenced IDV ID: | 9700-MDA94799D0065 |
| Office Name: | PENTAGON RENOVATION MANAGEMENT | NAICS Code: | 333921 |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $1762288.00 |

| AWARD ID: | 9700-0001 | Doc Type: | DO |
|---|---|---|---|
| Mod Number: | 0 | Status: | Final |
| Agency Name: | DEPT OF DEFENSE | Referenced IDV ID: | 9700-MDA94700D0002 |
| Office Name: | PENTAGON RENOVATION MANAGEMENT | NAICS Code: | |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $693228.00 |

| AWARD ID: | 9700-0001 | Doc Type: | DO |
|---|---|---|---|
| Mod Number: | 0 | Status: | Final |
| Agency Name: | DEPT OF DEFENSE | Referenced IDV ID: | 9700-MDA94799D0063 |
| Office Name: | PENTAGON RENOVATION MANAGEMENT | NAICS Code: | |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $3391516.00 |

| AWARD ID: | 9700-0001 | Doc Type: | DO |
|---|---|---|---|
| Mod Number: | 0 | Status: | Final |
| Agency Name: | DEPT OF DEFENSE | Referenced IDV ID: | 9700-MDA94799D0065 |
| Office Name: | PENTAGON RENOVATION MANAGEMENT | NAICS Code: | |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $1735888.00 |

| AWARD ID: | 1341-000SB200007B40SBNB060115 | Doc Type: | PO |
|---|---|---|---|
| Mod Number: | 0 | Status: | Final |
| Agency Name: | NATIONAL INSTITUTE OF STANDARDS AND TECHNOLOGY | Referenced IDV ID: | - |
| Office Name: | DEPT OF COMM/NAT INST STAND AND TECHNOL | NAICS Code: | |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $25000.00 |

| AWARD ID: | 1341-000SB200007D50SBNB0C1037 | Doc Type: | DCA |
|---|---|---|---|
| Mod Number: | 0 | Status: | Final |
| Agency Name: | NATIONAL INSTITUTE OF STANDARDS AND TECHNOLOGY | Referenced IDV ID: | - |
| Office Name: | DEPT OF COMM/NAT INST STAND AND TECHNOL | NAICS Code: | |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $231000.00 |

| AWARD ID: | 3600-00242200010C528C14001V670P2016 | Doc Type: | DO |
|---|---|---|---|
| Mod Number: | 0 | Status: | Final |
| Agency Name: | VETERANS AFFAIRS, DEPARTMENT OF | Referenced IDV ID: | 3600-V670P2016 |
| Office Name: | VISN 2 CONSOLIDATED CONTRACTING | NAICS Code: | 235950 |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $43000.00 |

| AWARD ID: | 3600-00242200109BV532P2035 | Doc Type: | PO |
|---|---|---|---|
| Mod Number: | D1 | Status: | Final |
| Agency Name: | VETERANS AFFAIRS, DEPARTMENT OF | Referenced IDV ID: | - |
| Office Name: | VISN 2 CONSOLIDATED CONTRACTING | NAICS Code: | 561790 |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $44000.00 |

| AWARD ID: | 3600-00242200110DV532P2237 | Doc Type: | DCA |
|---|---|---|---|
| Mod Number: | 0 | Status: | Final |
| Agency Name: | VETERANS AFFAIRS, DEPARTMENT OF | Referenced IDV ID: | - |
| Office Name: | VISN 2 CONSOLIDATED CONTRACTING | NAICS Code: | 235950 |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $31000.00 |

Contract List
Schindler Elevator Corp.
Page 2

April 1, 1999 to November 13, 2001
Minimum Obligation: $10,000
source: www.fdps.gov

| AWARD ID: | 3600-00243199905DV533P1648 | Doc Type: | DCA |
|---|---|---|---|
| Mod Number: | 0 | Status: | Final |
| Agency Name: | VETERANS AFFAIRS, DEPARTMENT OF | Referenced IDV ID: | - |
| Office Name: | DEPARTMENT OF VETERANS AFFAIRS | NAICS Code: | |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $28000.00 |

**121 Documents Found**                     Previous          11 - 20  Of 121          Next

| AWARD ID: | 3600-00243200010C561C10143V561C536 | Doc Type: | DO |
|---|---|---|---|
| Mod Number: | 4 | Status: | Final |
| Agency Name: | VETERANS AFFAIRS, DEPARTMENT OF | Referenced IDV ID: | 3600-V561C536 |
| Office Name: | DEPARTMENT OF VETERANS AFFAIRS | NAICS Code: | 235950 |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $33000.00 |

| AWARD ID: | 3600-00243200110C561C20042V526C536 | Doc Type: | DO |
|---|---|---|---|
| Mod Number: | 4 | Status: | Final |
| Agency Name: | VETERANS AFFAIRS, DEPARTMENT OF | Referenced IDV ID: | 3600-V526C536 |
| Office Name: | DEPARTMENT OF VETERANS AFFAIRS | NAICS Code: | 235950 |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $33000.00 |

| AWARD ID: | 3600-00262200009DV691C205 | Doc Type: | DCA |
|---|---|---|---|
| Mod Number: | 0 | Status: | Final |
| Agency Name: | VETERANS AFFAIRS, DEPARTMENT OF | Referenced IDV ID: | - |
| Office Name: | DEPT OF VETERANS AFFAIRS | NAICS Code: | |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $1032000.00 |

| AWARD ID: | 7529-00263200005B263980037 | Doc Type: | PO |
|---|---|---|---|
| Mod Number: | 4 | Status: | Final |
| Agency Name: | NATIONAL INSTITUTES OF HEALTH | Referenced IDV ID: | - |
| Office Name: | DEPT OF HHS/NATIONAL INSTITUTES FOR HEALTH | NAICS Code: | 541690 |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $16000.00 |

| AWARD ID: | 7529-00263200005B263980037 | Doc Type: | PO |
|---|---|---|---|
| Mod Number: | 3 | Status: | Final |
| Agency Name: | NATIONAL INSTITUTES OF HEALTH | Referenced IDV ID: | - |
| Office Name: | DEPT OF HHS/NATIONAL INSTITUTES FOR HEALTH | NAICS Code: | |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $12000.00 |

| AWARD ID: | 3600-00500199909DV500C4622 | Doc Type: | DCA |
|---|---|---|---|
| Mod Number: | 0 | Status: | Final |
| Agency Name: | VETERANS AFFAIRS, DEPARTMENT OF | Referenced IDV ID: | - |
| Office Name: | DEPT OF VETERANS AFFAIRS | NAICS Code: | |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $572000.00 |

| AWARD ID: | 3600-00506200009DV506P3238 | Doc Type: | DCA |
|---|---|---|---|
| Mod Number: | 0 | Status: | Final |
| Agency Name: | VETERANS AFFAIRS, DEPARTMENT OF | Referenced IDV ID: | - |
| Office Name: | DEPT OF VETERANS AFFAIRS | NAICS Code: | |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $55000.00 |

| AWARD ID: | 3600-00506200010C506C11013V506P3238 | Doc Type: | DO |
|---|---|---|---|
| Mod Number: | 0 | Status: | Final |
| Agency Name: | VETERANS AFFAIRS, DEPARTMENT OF | Referenced IDV ID: | 3600-V506P3238 |
| Office Name: | DEPT OF VETERANS AFFAIRS | NAICS Code: | 811310 |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $56000.00 |

Contract List
Schindler Elevator Corp.
Page 3

April 1, 1999 to November 13, 2001
Minimum Obligation: $10,000
source: www.fdps.gov

| | | | |
|---|---|---|---|
| AWARD ID: | 3600-00523199910C523C08022V523P6745 | Doc Type: | DO |
| Mod Number: | 0 | Status: | Final |
| Agency Name: | VETERANS AFFAIRS, DEPARTMENT OF | Referenced IDV ID: | 3600-V523P6745 |
| Office Name: | DEPT OF VETERANS AFFAIRS | NAICS Code: | |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $286000.00 |

| | | | |
|---|---|---|---|
| AWARD ID: | 3600-00523200010C523C18010V523P6911 | Doc Type: | DO |
| Mod Number: | 0 | Status: | Final |
| Agency Name: | VETERANS AFFAIRS, DEPARTMENT OF | Referenced IDV ID: | 3600-V523P6911 |
| Office Name: | DEPT OF VETERANS AFFAIRS | NAICS Code: | 811310 |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $47000.00 |

**121 Documents Found**    Previous    21 - 30  Of 121    Next

| | | | |
|---|---|---|---|
| AWARD ID: | 3600-00598200010DV598P4022A | Doc Type: | DCA |
| Mod Number: | 0 | Status: | Final |
| Agency Name: | VETERANS AFFAIRS, DEPARTMENT OF | Referenced IDV ID: | - |
| Office Name: | DEPT OF VETERANS AFFAIRS | NAICS Code: | 235950 |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $388000.00 |

| | | | |
|---|---|---|---|
| AWARD ID: | 2800-00600199701B6009729427 | Doc Type: | PO |
| Mod Number: | 3 | Status: | Final |
| Agency Name: | SOCIAL SECURITY ADMINISTRATION | Referenced IDV ID: | - |
| Office Name: | SOCIAL SECURITY ADMINISTRATION | NAICS Code: | |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $47000.00 |

| | | | |
|---|---|---|---|
| AWARD ID: | 3600-00648199909DV648C391 | Doc Type: | DCA |
| Mod Number: | 2 | Status: | Final |
| Agency Name: | VETERANS AFFAIRS, DEPARTMENT OF | Referenced IDV ID: | - |
| Office Name: | DEPT OF VETERANS AFFAIRS | NAICS Code: | 233320 |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $65000.00 |

| | | | |
|---|---|---|---|
| AWARD ID: | 3600-00648199909DV648C391 | Doc Type: | DCA |
| Mod Number: | 0 | Status: | Final |
| Agency Name: | VETERANS AFFAIRS, DEPARTMENT OF | Referenced IDV ID: | - |
| Office Name: | DEPT OF VETERANS AFFAIRS | NAICS Code: | |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $578000.00 |

| | | | |
|---|---|---|---|
| AWARD ID: | 3600-00648199910C648C01325V648C391 | Doc Type: | DO |
| Mod Number: | 0 | Status: | Final |
| Agency Name: | VETERANS AFFAIRS, DEPARTMENT OF | Referenced IDV ID: | 3600-V648C391 |
| Office Name: | DEPT OF VETERANS AFFAIRS | NAICS Code: | |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $51000.00 |

| | | | |
|---|---|---|---|
| AWARD ID: | 3600-00667199910C667C00010V667P1735 | Doc Type: | DO |
| Mod Number: | 0 | Status: | Final |
| Agency Name: | VETERANS AFFAIRS, DEPARTMENT OF | Referenced IDV ID: | 3600-V667P1735 |
| Office Name: | DEPT OF VETERANS AFFAIRS | NAICS Code: | |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $53000.00 |

| | | | |
|---|---|---|---|
| AWARD ID: | 3600-00667200010C667C10021V667P1735 | Doc Type: | DO |
| Mod Number: | 0 | Status: | Final |
| Agency Name: | VETERANS AFFAIRS, DEPARTMENT OF | Referenced IDV ID: | 3600-V667P1735 |
| Office Name: | DEPT OF VETERANS AFFAIRS | NAICS Code: | 235950 |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $53000.00 |

Contract List
Schindler Elevator Corp.
Page 4

April 1, 1999 to November 13, 2001
Minimum Obligation: $10,000
source: www.fdps.gov

| AWARD ID: | 3600-0069D199910BV69D607P2837 | Doc Type: | PO |
|---|---|---|---|
| Mod Number: | 0 | Status: | Final |
| Agency Name: | VETERANS AFFAIRS, DEPARTMENT OF | Referenced IDV ID: | - |
| Office Name: | DEPT OF VETERANS AFFAIRS | NAICS Code: | |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $47000.00 |

| AWARD ID: | 3600-0069D199910C676C00003V69D676P1220 | Doc Type: | DO |
|---|---|---|---|
| Mod Number: | SA4 | Status: | Final |
| Agency Name: | VETERANS AFFAIRS, DEPARTMENT OF | Referenced IDV ID: | 3600-V69D676P1220 |
| Office Name: | DEPT OF VETERANS AFFAIRS | NAICS Code: | |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $32000.00 |

| AWARD ID: | 3600-0069D200010C607C10037V69D607P2837 | Doc Type: | DO |
|---|---|---|---|
| Mod Number: | 0PT1 | Status: | Final |
| Agency Name: | VETERANS AFFAIRS, DEPARTMENT OF | Referenced IDV ID: | 3600-V69D607P2837 |
| Office Name: | DEPT OF VETERANS AFFAIRS | NAICS Code: | 811310 |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $47000.00 |

**121 Documents Found**                                                      Previous    31 - 40  Of 121    Next

| AWARD ID: | 3600-0069D200011A676C10083V69DP3240 | Doc Type: | BPA Call |
|---|---|---|---|
| Mod Number: | 0 | Status: | Final |
| Agency Name: | VETERANS AFFAIRS, DEPARTMENT OF | Referenced IDV ID: | 3600-V69DP3240 |
| Office Name: | DEPT OF VETERANS AFFAIRS | NAICS Code: | 235950 |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $29000.00 |

| AWARD ID: | 3600-0069D200110C676C21001V69DP3240 | Doc Type: | DO |
|---|---|---|---|
| Mod Number: | 3 | Status: | Final |
| Agency Name: | VETERANS AFFAIRS, DEPARTMENT OF | Referenced IDV ID: | 3600-V69DP3240 |
| Office Name: | DEPT OF VETERANS AFFAIRS | NAICS Code: | 235950 |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $33000.00 |

| AWARD ID: | 9700-0115 | Doc Type: | DO |
|---|---|---|---|
| Mod Number: | P00101 | Status: | Final |
| Agency Name: | DEPT OF DEFENSE | Referenced IDV ID: | 9700-MDA94799D0063 |
| Office Name: | PENTAGON RENOVATION MANAGEMENT | NAICS Code: | |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $160000.00 |

| AWARD ID: | 9700-0116 | Doc Type: | DO |
|---|---|---|---|
| Mod Number: | P00101 | Status: | Final |
| Agency Name: | DEPT OF DEFENSE | Referenced IDV ID: | 9700-MDA94799D0065 |
| Office Name: | PENTAGON RENOVATION MANAGEMENT | NAICS Code: | |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $160000.00 |

| AWARD ID: | 9700-0203 | Doc Type: | DO |
|---|---|---|---|
| Mod Number: | P00104 | Status: | Final |
| Agency Name: | DEPT OF DEFENSE | Referenced IDV ID: | 9700-MDA94799D0065 |
| Office Name: | PENTAGON RENOVATION MANAGEMENT | NAICS Code: | |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $110000.00 |

| AWARD ID: | 1215-03142199510D53314266065 | Doc Type: | DCA |
|---|---|---|---|
| Mod Number: | 5 | Status: | Final |
| Agency Name: | OFFICE OF OPERATIONS | Referenced IDV ID: | - |
| Office Name: | DEPT OF AGRIC/OFFICE OF OPERATIONS | NAICS Code: | |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |

Contract List
Schindler Elevator Corp.
Page 5

April 1, 1999 to November 13, 2001
Minimum Obligation: $10,000
source: www.fdps.gov

| | | Action Obligation: | $421000.00 |
|---|---|---|---|

| AWARD ID: | 1215-03142200010D53314216019 | Doc Type: | DCA |
|---|---|---|---|
| Mod Number: | 0 | Status: | Final |
| Agency Name: | OFFICE OF OPERATIONS | Referenced IDV ID: | - |
| Office Name: | DEPT OF AGRIC/OFFICE OF OPERATIONS | NAICS Code: | 561210 |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $315000.00 |

| AWARD ID: | 1215-03142200110C4331422060195314206019 | Doc Type: | DO |
|---|---|---|---|
| Mod Number: | 1 | Status: | Final |
| Agency Name: | OFFICE OF OPERATIONS | Referenced IDV ID: | 1215-53314206019 |
| Office Name: | DEPT OF AGRIC/OFFICE OF OPERATIONS | NAICS Code: | 561210 |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $483000.00 |

| AWARD ID: | 1226-082FT200108B4382FT10211 | Doc Type: | PO |
|---|---|---|---|
| Mod Number: | 0 | Status: | Final |
| Agency Name: | FOREST SERVICE | Referenced IDV ID: | - |
| Office Name: | DEPT OF AGRIC/FOREST SERVICE | NAICS Code: | 234990 |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $20000.00 |

| AWARD ID: | 3300-10000199906D9936CC10384 | Doc Type: | DCA |
|---|---|---|---|
| Mod Number: | 9 | Status: | Final |
| Agency Name: | SMITHSONIAN INSTITUTION | Referenced IDV ID: | - |
| Office Name: | SMITHSONIAN INSTITUTION | NAICS Code: | 235950 |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $23000.00 |

**121 Documents Found**                    Previous    41 - 50 Of 121   Next

| AWARD ID: | 3300-10000199906D9936CC10384 | Doc Type: | DCA |
|---|---|---|---|
| Mod Number: | 7 | Status: | Final |
| Agency Name: | SMITHSONIAN INSTITUTION | Referenced IDV ID: | - |
| Office Name: | SMITHSONIAN INSTITUTION | NAICS Code: | 235950 |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $687000.00 |

| AWARD ID: | 3300-10000199906D9936CC10384 | Doc Type: | DCA |
|---|---|---|---|
| Mod Number: | 4 | Status: | Final |
| Agency Name: | SMITHSONIAN INSTITUTION | Referenced IDV ID: | - |
| Office Name: | SMITHSONIAN INSTITUTION | NAICS Code: | |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $627000.00 |

| AWARD ID: | 3300-10000199906D9936CC10384 | Doc Type: | DCA |
|---|---|---|---|
| Mod Number: | 5 | Status: | Final |
| Agency Name: | SMITHSONIAN INSTITUTION | Referenced IDV ID: | - |
| Office Name: | SMITHSONIAN INSTITUTION | NAICS Code: | |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $248000.00 |

| AWARD ID: | 3300-10000199906D9936CC10384 | Doc Type: | DCA |
|---|---|---|---|
| Mod Number: | 2 | Status: | Final |
| Agency Name: | SMITHSONIAN INSTITUTION | Referenced IDV ID: | - |
| Office Name: | SMITHSONIAN INSTITUTION | NAICS Code: | |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $15000.00 |

| AWARD ID: | 3300-10000199906D9936CC10384 | Doc Type: | DCA |
|---|---|---|---|
| Mod Number: | 3 | Status: | Final |
| Agency Name: | SMITHSONIAN INSTITUTION | Referenced IDV ID: | - |
| Office Name: | SMITHSONIAN INSTITUTION | NAICS Code: | |

Contract List
Schindler Elevator Corp.
Page 6

April 1, 1999 to November 13, 2001
Minimum Obligation: $10,000
source: www.fdps.gov

| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $148000.00 |

| AWARD ID: | 3300-10000199906D9936CC10384 | Doc Type: | DCA |
| Mod Number: | 1 | Status: | Final |
| Agency Name: | SMITHSONIAN INSTITUTION | Referenced IDV ID: | - |
| Office Name: | SMITHSONIAN INSTITUTION | NAICS Code: | |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $24000.00 |

| AWARD ID: | 3300-10000199906D9936CC10384 | Doc Type: | DCA |
| Mod Number: | 0 | Status: | Final |
| Agency Name: | SMITHSONIAN INSTITUTION | Referenced IDV ID: | - |
| Office Name: | SMITHSONIAN INSTITUTION | NAICS Code: | |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $219000.00 |

| AWARD ID: | 3300-10000200003C9936CC103840036CW10301 | Doc Type: | DO |
| Mod Number: | 0 | Status: | Final |
| Agency Name: | SMITHSONIAN INSTITUTION | Referenced IDV ID: | 3300-0036CW10301 |
| Office Name: | SMITHSONIAN INSTITUTION | NAICS Code: | |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $112000.00 |

| AWARD ID: | 3300-10000200007C9936CC103840036CW10446 | Doc Type: | DO |
| Mod Number: | 0 | Status: | Final |
| Agency Name: | SMITHSONIAN INSTITUTION | Referenced IDV ID: | 3300-0036CW10446 |
| Office Name: | SMITHSONIAN INSTITUTION | NAICS Code: | |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $28000.00 |

| AWARD ID: | 1443-60000199907BP6516999048 | Doc Type: | PO |
| Mod Number: | 0 | Status: | Final |
| Agency Name: | NATIONAL PARK SERVICE | Referenced IDV ID: | - |
| Office Name: | MIDWEST REGION | NAICS Code: | |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $80000.00 |

121 Documents Found                    Previous    51 - 60  Of 121    Next

| AWARD ID: | 3300-9936CC10384 | Doc Type: | DCA |
| Mod Number: | 0 | Status: | Final |
| Agency Name: | SMITHSONIAN INSTITUTION | Referenced IDV ID: | - |
| Office Name: | SMITHSONIAN INSTITUTION | NAICS Code: | 238990 |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION (0056) | Base And All Options Value: | $219000.00 |
| | | Action Obligation: | $219000.00 |

| AWARD ID: | 4740-CD000199809DGS03P98CDC0008 | Doc Type: | DCA |
| Mod Number: | PO11 | Status: | Final |
| Agency Name: | PUBLIC BUILDINGS SERVICE | Referenced IDV ID: | - |
| Office Name: | GSA/PBS/R03 ALLEGHENY | NAICS Code: | 235950 |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $300000.00 |

| AWARD ID: | 4740-CD000199809DGS03P98CDC0008 | Doc Type: | DCA |
| Mod Number: | PC09 | Status: | Final |
| Agency Name: | PUBLIC BUILDINGS SERVICE | Referenced IDV ID: | - |
| Office Name: | GSA/PBS/R03 ALLEGHENY | NAICS Code: | |
| Vendor Name: | SCHINDLER ELEVATOR CORPORATION | Base And All Options Value: | $0.00 |
| | | Action Obligation: | $13000.00 |

| AWARD ID: | 4740-CD000199809DGS03P98CDC0008 | Doc Type: | DCA |
| Mod Number: | PO06 | Status: | Final |
| Agency Name: | PUBLIC BUILDINGS SERVICE | Referenced IDV ID: | - |
| Office Name: | GSA/PBS/R03 ALLEGHENY | NAICS Code: | |